UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LIONEL SANFORD,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK EATON, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-01400-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RULE 60 RELIEF FROM JUDGMENT<br><br>(Doc. 17) |

Before the Court is Robert Lionel Sanford's request that the Court consider Plaintiff's late-file objections to the magistrate judge's findings and recommendations that Plaintiff's federal claims be dismissed, and that Plaintiff's state claims be remanded to state court. (Doc. 17.) Because the Court adopted those recommendations and closed the case, (Docs. 15, 16), the Court construes Plaintiff's request as a motion for relief from judgment. Because the Court finds no reason to set aside judgment in this case, the Court will deny Plaintiff's request.

Plaintiff proceeding *pro se*, initiated this case on September 6, 2022, by filing a complaint in Tuolumne County Superior Court. (Doc. 1.) On October 31, 2022, Defendants P. Eaton and P. Quinn filed a notice of removal to the Eastern District of California. (*Id.*) Plaintiff's complaint alleges that Defendants did not respond appropriately to the threat posed by COVID-19.

On April 5, 2023, the magistrate judge screened the complaint and found that it failed to

state any cognizable claims and declined to exercise of supplemental jurisdiction over the state law claims. (Doc. 9.) The magistrate judge gave Plaintiff 30 days to file an amended complaint or to file a notice that he wants to stand on his complaint, within thirty days. (*Id.* at 14.) The Court reminded Plaintiff that any amended complaint should be "**no longer than twenty pages (excluding exhibits)**." (*Id.*, at 1-2, emphasis in original.)

On June 29, 2023, Plaintiff filed a notice, notifying the Court that he wanted to stand on his complaint. (Doc. 13.) In this notice, Plaintiff states that he has "put careful consideration" in deciding to stand on his complaint "due to the substantial supporting documents that were implemented in the complaint." (*Id.* at 1.) The supporting documents include affidavits, 602 appeal responses, and medical reports that prove Plaintiff suffered ongoing injury due to Defendants' failure to act in response to a known dangerous contagious disease which placed Plaintiff at an unreasonable risk of danger and harm. (*Id.* at 1-2.) Plaintiff states that the reason why he opts to stand on his complaint is because amending his complaint will eliminate these documents. (*Id.*) Plaintiff argues that the 602 responses indicate that Defendant Quinn was "absolutely aware" that the dorms were overcrowded, which put Plaintiff at an even higher risk of contracting COVID-19. (*Id.* at 2.) Plaintiff also argues that the facts stated in the complaint are clear, including the fact that Plaintiff was housed with inmates who were deliberately infected with COVID-19 on January 26, 2022, at SCC. (*Id.*)

On July 5, 2023, the magistrate judge issued findings and recommendations, recommending that "Plaintiff's federal claims be dismissed, with prejudice, for failure to state a claim, and that Plaintiff's state law claims be remanded to Tuolumne County Superior Court." (Doc. 14 at 2.) The magistrate judge noted that Plaintiff's notice included objections to the screening order but declined to address those objections. (*Id.* at 2 n.1.) The magistrate judge directed Plaintiff to instead file separate objections to the findings and recommendations. (*Id.*) Plaintiff was also warned that he had fourteen days to file objections. (*Id*. at 1, 14.) However, he did not do so. (*See* Docket.) On August 30, 2023, the Court adopted the findings and recommendations and judgment against Plaintiff. (Docs. 15, 16.)

On September 11, 2023, Plaintiff filed a request for the Court to consider his late-filed

objections to the findings and recommendations. (Doc. 17.) Plaintiff argues that his objections should be considered because he timely filed objections on August 7, 2023. (*Id.* at 1.) However, Plaintiff inadvertently filed those objections in another case, 1:20-cv-00792-NONE-BAM. (*Id.*) Plaintiff requests that the Court grant Plaintiff's objections to the findings and recommendations and allow Plaintiff to amend his complaint. (*Id.*) Plaintiff indicates that he no longer wants to stand on his complaint, and that the only way to receive any legal research material while he is incarcerated at Growlersburg Conservation Camp is by requesting them from another institution, a process that can take two to three weeks. (*Id.* at 1-2.)

Plaintiff's request, which the Court construes as a motion for relief from judgment, includes as an exhibit the objections that Plaintiff asserts were inadvertently filed in the other case (1:20-cv-00792-NONE-BAM). (*See id.* at 4-7.) In these objections, Plaintiff explains that he felt that he had no other option than to stand on his original complaint "because plaintiff was warned in the court order that with filing an amended complaint all Plaintiff's supporting facts and exhibits would no longer be valid." (*Id.* at 4). However, Plaintiff states that he believed standing on his original complaint was his best option if the documents that he had attached in support of his original complaint could not be included. (*Id.*) Plaintiff requests that the Court either "allow this case to move forward or allow Plaintiff another opportunity to amend and include the supporting facts issued in the original complaint." (*Id.* at 5.)

As a threshold matter, Plaintiff's objections for this case do not appear on the docket of the case identified in Plaintiff's request. (*See* Docket, *Sanford v. Eaton, et al*, Case No. 1:20-cv-00792-JLT-BAM, closed June 16, 2022.) However, given Plaintiff's assertions regarding his access to legal materials during the relevant timeframe, the Court will consider the objections as though they had been timely filed. Even doing so, the outcome remains the same. As the magistrate judge explained, Plaintiff "fails to sufficiently allege that Defendant acted with deliberate indifference to Plaintiff's serious medical needs regarding COVID-19 or disregard an excessive risk to Plaintiff's health." (Doc. 14 at 13.)

Plaintiff's objections do not meaningfully address the magistrate judge's reasoning. Therefore, the Court finds no reason to set aside the judgment and the motion for relief from

3

1 judgment (Doc. 17) is **DENIED**.

3 IT IS SO ORDERED.

4 Dated: __**December 19, 2023**__                    _____
UNITED STATES DISTRICT JUDGE

4